**Edna M. HAYNES, Individually as Mother of Jimmy J. Haynes, deceased, and as administratrix of the estate of Jimmy J. Haynes, Plaintiff,**

v.

**Ronald MARSHALL, et al., Defendants.**

No. C-1-84-1305.

United States District Court, S.D. Ohio, W.D.

Sept. 9, 1988.

Elinor R. Alger, American Civil Liberties Union of Ohio Foundation, Columbus, Ohio, Robert L. Gensler, Novato, Cal., for plaintiff.

Allen P. Adler, Wendy Wonnell, Asst. Attys. Gen., Columbus, Ohio, for defendants.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court pursuant to plaintiff's Motion to Reconsider (doc. no. 105), defendants' Motion to Reconsider (doc. no. 106) and defendants' Motion for Partial Summary Judgment (doc. no. 107). In sum, both parties have requested this Court to revisit its Order entered April 3, 1987 (doc. no. 103).

This case is primarily an action seeking redress from the defendants for the wrongful death of plaintiff's decedent and son, Jimmy J. Haynes. On February 9, 1984, Mr. Haynes was housed in the infirmary at the Southern Ohio Correctional Facility ("SOCF"). In the afternoon, he began to act out, doing injury to himself and disrupting the activities of others. Certain of the defendants who were on the scene determined that he needed medication, however, they were not authorized to administer the necessary medication. If the medication had been given to Mr. Haynes, none of the following tragic events would have occurred. Unfortunately, the attempts to obtain authorization to administer the medication were unsuccessful. As a result of this failure, it was determined that it was necessary to move Mr. Haynes to a strip cell for his safety. He violently resisted the move and force was used. There is evidence, if believed, that while Mr. Haynes was shackled and on the floor he was beaten with clubs about the body and head, taken to the strip cell, fatally injured and left there unattended to die. Brown, Ginn, Harrison, Warren, Gilley, Turner, McAllister, Holbrook, Schramm, Bowman, Heatherly, Aldrich, Keaton, Kelly, Shaw, Green, Apel and Stephenson were present during the incident.

The federal issues in this case are concerned with whether any of these defendants wantonly inflicted unnecessary pain and suffering upon Mr. Haynes and whether any defendant was deliberately indifferent to his serious medical needs. There is an issue of fact as to whether these defendants were deliberately indifferent to Mr. Haynes' serious medical needs. Defendants have not requested summary judgment on this issue. Rather, defendants have requested partial summary judgment only on the issue of excessive force.

This is a trial court. Its paramount function is to justly settle disputes. The primary tools it has to accomplish this purpose are hearings, trials and making a complete record. As this case must go to trial against all defendants except Horn on the federal issue under 42 U.S.C. § 1983, this Court was firmly convinced that all real issues concerning these parties should be presented for trial as federal issues.

Defendants dispute that plaintiff can prove that Mr. Haynes was beaten to death, but they argue that even if plaintiff does prove that defendants beat Haynes to death, such actions did not violate any objective test for a clearly established statutory or constitutional right since no standard exists to measure the reasonableness of the amount of force or adequacy of training for correction officers. Defendants refer us to *Thomas v. Kline*, Case No. C84–2414–A (N.D.Ohio, April 13, 1987), (copy of opinion attached to doc. no. 107), to support their argument.

Significantly, the *Thomas* case went to trial on the merits of the issue of excessive use of force. The allegations in that case were that the defendant pushed plaintiff's face into the handle area of a steel mesh door causing a knot on his forehead, a cut lip and facial bruises. Later, these injuries allegedly caused vision problems and severe headaches. If those allegations were sufficient to cause a trial in the *Thomas* case, certainly the allegations made by this plaintiff justify a trial on the issue of excessive use of force.

The *Thomas* court stated that plaintiff's version that he was subjected to unnecessary force was substantiated by others who witnessed the event. Certainly the alleged facts before this Court cry out for trial. If the facts favoring plaintiff's position are not credible, as it was determined in *Thomas*, then plaintiff fails to establish her case; but plaintiff fails only after having her day in court on the issue of excessive use of force.

■ The Court accepts defendants' position that the eighth amendment is the primary source of protection to plaintiff. *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Beating a prisoner to near death and leaving him to die violates the eighth amendment; the Court holds that this is an objective standard that is established in the law. *See, Franklin v. Aycock,* 795 F.2d 1253, 1258 (6th Cir.1986); *see also, Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), *cert. denied, sub nom., John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Additionally, defendants were prohibited from using deadly force by Ohio Administrative Code 5120–9–01E effective December 10, 1979 which states:

> "The superintendent, administrator or staff member of a correctional institution is authorized to use force *other than deadly force* when and to the extent he reasonably believes that such force is necessary to enforce the lawful rules and regulations of the institution and *to control violent behavior."* (Emphasis added).

While defendants have a full opportunity to defend on the basis that they acted reasonably, they are not entitled to immunity from suit on the excessive use of force issue. (See doc. no. 24).

■ On the other hand, as pointed out by defendants in their present motion, defendants are entitled to immunity from suit on plaintiff's federal claim for deprivation of familial association. Whether a right exists under 42 U.S.C. § 1983 in this regard is an issue of first impression and it is clear that an issue of first impression cannot involve a question of clearly established law, *see, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139, reh. den. 468 U.S. 1226, 105 S.Ct. 26, 82 L.Ed.2d 919 (1984), or a question of clearly established right, *see, Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

■ Significantly, defendants' motions are only for partial summary judgment, thus a trial will be required in this case regardless of this Court's ruling on this present matter. This Court is firmly convinced that as a general rule, federal claims, not pendent state claims, should be tried in federal courts. To achieve justice in this case, however, it is necessary not only to consider plaintiff's federal claim under 42 U.S.C. § 1983, but it is also necessary to consider her claim for her personal loss and damages, if any, resulting from the alleged wrongful death of her son.

This Court believed that by recognizing her federal claim for deprivation of familial association, it could address all real issues concerning these parties in one trial under federal law. Defendants have correctly insisted otherwise. To do justice in this case, this Court must now address plaintiff's wrongful death claim under state law in this forum so that all of the real issues may be addressed by this Court in one trial.

Further, in light of the long delay in this case, and considering that plaintiff states she is not proceeding against the defendants on her wrongful death claim on the basis of negligence but rather on the basis of an intentional, deliberate and callous act, this Court will not be required to charge the jury on the issue of simple negligence on the wrongful death issue; therefore, the degree of culpability in both the § 1983 claim and the wrongful death claim will be basically the same and there will be little, if any, confusion created in the minds of the jury on the type of conduct required to establish either of plaintiff's claims.

For this reason and for the reasons presented by plaintiff in her memoranda (doc. nos. 108, 109, 111, 112, 114, 117 and 118), this Court has reconsidered the dismissal of plaintiff's wrongful death claim and finds that under the particular circumstances of this case, justice compels the Court to exercise its discretion to accept pendent jurisdiction of this claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

It is the intent of this Court to try to a jury plaintiff's first and third causes of action and defendants' counterclaims in one trial so that all of the real claims of the parties will be resolved.

In plaintiff's Motion to Reconsider, she specifically requests that this Court address its ruling on the issue of negligence (doc. no. 68), the issues involving defendant John Horn (doc. nos. 70 and 87), its ruling as to the state law claims (doc. no. 74), and its position concerning supervisory liability.

■ As to the issue of negligence, this Court modifies its Order so that summary judgment is granted *only* on the issue of negligence. It is this Court's opinion that the term "gross negligence" must be defined as wantonness before a tort gives rise to a constitutional violation.

In a quixotic effort to emphasize that wantonness, not negligence, is the cornerstone on which the constitutional violation rests, the Court confused the record. *See, e.g., Archie v. City of Racine,* 847 F.2d 1211 (7th Cir.1988). Plaintiff has properly alleged and presented facts which support the necessary concept of wantonness, thus, summary judgment was denied defendants on this issue. Admittedly, the term "gross negligence" is considered sufficient to trigger a constitutional violation in this Circuit. *Jones v. Sherrill,* 827 F.2d 1102 (6th Cir. 1987). It is the belief of this Court, however, that when gross negligence triggers a constitutional violation it must be synonymous at the very least with the idea of wantonness. The conduct of the government official must be outrageous conduct or conduct indicating the arbitrary use of government power. *Id.* at 1106. The evidence in this case, direct and circumstantial, if credible, indicates both outrageous conduct and the arbitrary use of government power.

Accordingly, this Court's Order (doc. no. 103) is AMENDED to read:

"Therefore, the Motion for Partial Summary Judgment (doc. no. 68) on the issue of negligence only is GRANTED in favor of all defendants and against plaintiff. Otherwise, it is DENIED."

■ As to the issues involving defendant John Horn, he has at all times relevant to this action been an employee at SOCF with supervisory duties in the infirmary. He was not present during the incident which occurred on February 9, 1984 which ended with the death of Mr. Haynes. He had no authority to order the administration of medicine to Mr. Haynes. He had no authority over the security forces which were involved in the incident. In her argument, plaintiff states that the information made available through discovery did not support a claim against Horn. In her argument, plaintiff emphasizes that her claims are not against the state of Ohio, thus her claims are against Horn as an individual. A reasonable opportunity has been given to the parties to develop the evidence surrounding this tragedy through discovery. As no claim has been established against defendant Horn, he is entitled to a judgment of dismissal on the merits.

As to the Court's ruling on the state law claims, this Court has already addressed plaintiff's arguments regarding the wrongful death action. Insofar as her fourth cause of action restates a claim for wrongful death, the Court intends to fully try that issue. But if plaintiff's fourth count implies an additional state claim, it is this Court's intent not to accept jurisdiction of any pendent state claims other than the wrongful death claim. It is the belief of this Court that full justice can be accorded these parties by trying plaintiff's eighth amendment claims on behalf of Mr. Haynes and her claim for wrongful death made as the representative of Mr. Haynes for the benefit of his next of kin.

■ All defendants were personally present during the incident of February 9, 1984 at some time or other except defendants Horn and Marshall. Defendants correctly point out that pursuant to Fed.R.Civ. P. 56, no party has a burden at the summary judgment stage of a lawsuit; however, in this case the Court determined that the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits and representations of counsel made under the admonishment of Fed.R. Civ.P. 11, show that there are genuine issues as to the material facts. Therefore, defendants are not entitled to judgment as a matter of law on the issue of excessive use of force.

■ The Court further agrees that claims made by prison inmates serving criminal sentences under both the eighth and fourteenth amendment are redundant and trials to vindicate their rights should proceed pursuant to the eighth amendment when their claim is based upon the use of excessive force and denial of medical attention. As previously noted, defendant Marshall and his representative are in this suit for the purpose of trial on some of the federal issues regardless of any ruling by the Court in this matter.

■ As to the Court's position concerning supervisory liability, there is evidence in this record, if believed, to the effect that the superintendent had a policy to use force against inmates as punishment to enforce the rules and regulations of the prison. Such use of force is prohibited by Ohio Administrative Code § 5120–9–01D which was in effect at the time of this incident. There is evidence, if believed, that the superintendent was personally involved in this incident through the implementation of this policy even though he was not present on February 9, 1984.

To establish personal liability in a § 1983 action, it is enough to show that the official acting under color of state law caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). It is clear in this case that all remaining defendants were acting under color of law at all times pertinent to this action.

This leaves for the trier of facts the determination of whether the conduct alleged caused a deprivation of constitutional rights and whether the deprivation occurred without due process of law or, in the context of this case, in violation of the eighth amendment. The Supreme Court made clear in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), that there are certain types of government acts that violate the Constitution regardless of the procedures used to implement them. When the government engages in such conduct, there is a remedy under § 1983. The Constitution forbids these actions in order to prevent governmental power from being used for purposes of oppression. *Daniels*, 474 U.S. at 331, 106 S.Ct. at 665, *quoting, Murray's Lessee v. Hoboken Land and Improvement Co.*, 18 How. 272, 277, 15 L.Ed. 372 (1856).

The benchmark of § 1983 is the protection of the individual against arbitrary action of government. *Daniels*, 474 U.S. at 331, 106 S.Ct. at 665, *quoting, Dent v. West Virginia*, 129 U.S. 114, 123, 9 S.Ct. 231, 233, 32 L.Ed. 623 (1889).

In *Daniels*, the Court held that the Constitution is simply not implicated by a negligent act of an official causing unintended loss of or injury to life or liberty. This conclusion is based on the premise that negligent conduct does not constitute a deprivation within the meaning of the Constitution. *Daniels*, 474 U.S. at 332, 106 S.Ct. at 665. If a person intentionally does something unreasonable with disregard to a known risk or a risk so obvious that he must be assumed to have been aware of it, and of a magnitude such that it is highly probable that harm will follow, that person has acted with the necessary culpability to have violated 42 U.S.C. § 1983.

The evidence in this case, if believed, indicates that defendant Marshall gave to a group of individuals full unsupervised authority to use force which they deemed necessary to enforce the rules of the institution which Marshall supervised and to punish transgressors of those rules. If this be true, plaintiff has evidence which, if believed, would establish that this defendant arbitrarily used government power.

Defendant Marshall's alleged reckless indifference to the risk posed by his actions in instituting the enforcement squad, if true, is sufficient to establish a violation under § 1983. *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277 (6th Cir. 1987).

In sum, the evidence, if believed, shows that a special relationship existed between defendant Marshall and the victim, and that Marshall's conduct was a sufficiently egregious official action or omission amounting to deliberate indifference by

him and, as such, resulted in a constitutional deprivation actionable under § 1983.

There is evidence in this case, if believed, that there is a direct connection between the policies of defendant Marshall and the beating and death of Mr. Haynes, and that his actions or inactions equate to outrageous conduct or the arbitrary use of government power.

In conclusion, upon reconsideration of its Order of April 3, 1987 (doc. no. 103), the Court hereby MODIFIES it as follows:

a) Plaintiff's Count 2 is DISMISSED;

b) The dismissal of Count 3 is REVERSED and this Court accepts pendent jurisdiction of Count 3;

c) Plaintiff's claims based only on negligence or simple negligence are DISMISSED:

The parties are ORDERED to file their Joint Final Pre–Trial Order on or before December 9, 1988 and this case is set for jury trial on Monday, January 9, 1989 at 9:30 A.M.

IT IS SO ORDERED.